IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSIE GAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1688-BN |
| | § | |
| MAYFLOWER TRANSIT, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER AUTHORIZING SUBSTITUTE
SERVICE AND *SUA SPONTE* EXTENDING DEADLINE**

After the parties consented in writing, this case was ordered transferred to the undersigned United States magistrate judge to conduct all further proceedings, including entry of judgment, under 28 U.S.C. § 636(c). *See* Dkt. Nos. 11 & 13.

As to Plaintiff Jessie Gay's attempts to serve Defendant Sub-Saharan Grill, LLC d/b/a Bamba Auto Transport and Tow ("Sub-Saharan"), the Court most recently elected not to dismiss Gay's claims against Sub-Saharan under Federal Rule of Civil Procedure 4(m) and instead granted Plaintiff's request for an extension of time to file a motion for substitute service as to Sub-Saharan. *See* Dkt. No. 30; *see also* Dkt. Nos. 20, 25, 27, & 29.

Through Plaintiff's timely motion, Gay provides an affidavit documenting prior failed attempts to personally serve Sub-Saharan's registered agent at an address in Houston, Texas, *see* Dkt. No. 31 at 6-7, and an affidavit documenting efforts to ensure that this Houston address was the best address for that registered agent, *see id.* at 8-9.

Because the attempts to personally serve Sub-Saharan's registered agent failed, Plaintiff now requests that the Court approve substitute service on Sub-Saharan by authorizing that it be served either by (1) serving the summons and complaint on anyone more than sixteen years of age at the Houston, Texas address or (2) securing the same to the front door or entry of that address. *See generally* Dkt. No. 31.

> Pursuant to Federal Rule of Civil Procedure 4(e)(1), a party may be served by "following state law for serving a summons." In this case, Texas law applies and permits service by personal service or certified mail. TEX. R. CIV. P. 106(a). But Rule 106 also authorizes a court to order substituted methods of service. Only after service by one of the two methods provided in Rule 106(a) fails, may a court, upon motion supported by proper affidavit, authorize substitute service. *See State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298-99 (Tex. 1993).
>
> Upon motion of the plaintiff with a sworn statement listing the location a defendant can be found, and the facts of the attempted, yet unsuccessful service, a court may authorize service "in any other manner, including electronically by social media, email, or other technology, that ... evidence shows will be reasonably effective to give the defendant notice of suit." TEX. R. CIV. P. 106(b)(2). "[S]ubstitute service is not authorized ... without an affidavit which meets the requirements of the rule demonstrating the necessity for other than personal service." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

*Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *2 (5th Cir. Feb. 14, 2022); *accord Am. Home Assurance Co. v. Zeus Plumbing*, No. SA-23-CV-01424-XR, 2024 WL 4795986, at *3 & n.1 (W.D. Tex. Aug. 20, 2024); *see also Energy Alchemy, Inc. v. Nambo*, No. 3:23-cv-815-K, 2024 WL 5397165, at *2 (N.D. Tex. May 20, 2024) ("If service under Rule 106(a) was attempted but unsuccessful, Rule 106(b) specifically provides that leaving a copy of the summons and complaint with a person over the age of 16 at any location where the defendant can probably be found." (citing

TEX. R. CIV. P. 106(b)(1))).

Plaintiff's motion and the attached affidavits comply with Rule 106.

The Court therefore GRANTS the motion for substitute service to the extent that Plaintiff may serve Sub-Saharan by having a person authorized to serve process under Texas law, *see* TEX. R. CIV. P 103, either (1) "leav[e] a copy of the [summons] and of the [complaint] with anyone older than sixteen at the" Houston, Texas address specified in the motion and affidavits, TEX. R. CIV. P. 106(b)(1), or (2) affix a copy of the summons and of the complaint to the front door of the same Houston, Texas address, another "manner … that the … evidence shows will be reasonably effective to give [Sub-Saharan] notice of the suit," TEX. R. CIV. P. 106(b)(2). *See CT Cash LLC v. Anns Boys Logistics Inc.*, No. 3:23-cv-788-S, 2023 WL 8816379, at *4 (N.D. Tex. Dec. 19, 2023) (In general, a domestic or foreign corporation, a partnership, or other unincorporated association "may be served 'in the manner prescribed by Rule 4(e)(1) for serving an individual,' 'following state law for serving a summons.' FED. R. CIV. P. 4(h)(1)(A); (e)(1). 'Service must be made on the corporation's registered agent, president, or any vice president,' and a corporation's agent may be served by the methods found in Texas Rule of Civil Procedure 106(b). *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App. – Houston [1st District] 2013, no pet.) (citing TEX. BUS. ORGS. CODE §§ 5.201(b), 5.255(1)); *see Westchester Fire Ins. Co. v. Saab Site Contractors, L.P.*, No. EP-17-CV-00333-DCG, 2018 WL 7283632, at *1 (W.D. Tex. Oct. 30, 2018).").

And the Court EXTENDS Plaintiff's deadline to file proof of such service to

- 3 -

April 10, 2026. *See* Fed. R. Civ. P. 4(m).

      SO ORDERED.

      DATE: March 10, 2026

                           DAVID L. HORAN
                           UNITED STATES MAGISTRATE JUDGE